DECISION.
Defendant-appellant James C. Jones was convicted in 1983 of attempted rape and attempted murder. In April 2000, seventeen years into his confinement for those offenses, Jones was ordered to be returned from the penitentiary for a hearing to determine if he should be classified as a sexual predator. At that hearing, the trial court found Jones to be a sexual predator and entered judgment accordingly. From that judgment, Jones has appealed.
R.C. 2950.01(E) defines a "sexual predator" as one "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(C) governs sexual-predator classification proceedings for sexually-oriented offenders like Jones who have been convicted of and remain confined for sexually-oriented offenses committed prior to January 1, 1997.
In making its determination that an offender is a sexual predator, the trial court must consider "all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of [R.C.2950.09]." See R.C. 2950.09(C)(2). These factors include the following:
(a) the offender's age;
 (b) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) any mental illness or mental disability of the offender;
 (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) any additional behavioral characteristics that contribute to the offender's conduct.
See R.C. 2950.09(B)(2).
Although we are cognizant of prior cases from this court holding that the circumstances of the crime for which the defendant is incarcerated, standing alone, cannot support a finding that the defendant is a sexual predator,[1] we believe that certain offenses are sufficiently egregious to support such a finding. The legislature itself recognized the importance of the circumstances surrounding the underlying offense in making those circumstances paramount in the factors that the trial court must consider pursuant to R.C. 2950.09. Clearly, the statutory scheme permits the trial court, in certain cases, to base its adjudication on the facts surrounding the underlying offense. Indeed, had Jones been convicted of these offenses after January 1, 1997, the trial court would have been required to conduct the sexual-predator hearing either prior to, or as part of, Jones's sentencing hearing.
The record makes clear that the trial court considered the statutory factors in making its determination that Jones is a sexual predator. Jones was found guilty of attempting to rape and kill a seventeen-year-old girl in a public place. Jones cut the victim, bit her on the breast and hip, and strangled her. The only reason the victim was not ultimately killed was that the police caught Jones in the act of brutalizing her. Jones ran from the police, but was chased by a police officer into a dead-end passageway. The officer repeatedly ordered Jones to put his hands over his head, but rather than heed the instructions, Jones bent down toward his feet. Believing Jones to be reaching for a weapon, the officer fired two shots at Jones, striking him in the leg and buttock.
While the record of the sexual-predator hearing reveals that both the prosecution and the defense made reference to a report from the penitentiary, and that, on the prosecution's motion, the report was admitted into evidence, no such report is part of the record that has been transmitted to this court. The presentence-investigation report from the original offenses was admitted at the sexual-predator hearing. That report, which included a victim- impact statement, indicated (1) that the minor victim had suffered emotional problems as a result of the attack; (2) that Jones's prior convictions included battery and forgery; and (3) that Jones had admitted that he used alcohol and marijuana on a frequent basis.
The judge who made the sexual-predator adjudication was the same judge who had presided over the original criminal proceedings. He was therefore assumptively well acquainted with Jones's display of depravity in the underlying attempted rape and attempted murder and correctly determined, after consideration of the factors in R.C. 2950.09, that a person capable of such actions was likely to commit a sexually-oriented offense in the future. Accordingly, we affirm the trial court's adjudication.
Hildebrandt, P.J., and Doan, J., concur.
[1] State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported; State v. Hall (June 23, 2000), Hamilton App. No. C-990402, unreported; State v. Bass (May 12, 2000), Hamilton App. No. C-990529, unreported; State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported.